BERT ELLIOTT v. STATE.

No. A-2872.    Opinion Filed February 18, 1918.

(170 Pac. 711.)

APPEAL AND ERROR—Time for Taking. An appeal in a criminal case is taken by filing in this court a petition in error with case-made attached, or a transcript of the record, together with proof of notices of appeal as required by the statute, or in lieu of such notices the record to show the issuance and service of summons in error, or the waiver of the same by the Attorney General. When this is not done, within the time prescribed by the statute for taking an appeal, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed.

*Appeal from District Court, Carter County;*
*W. F. Freeman, Judge.*

Bert Elliott was convicted of rape, and he appeals. Appeal dismissed.

*R. F. Turner* and *H. H. Brown,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error, Bert Elliott, was convicted of rape in the second degree, under an indictment charging him with the crime of rape committed upon one Virginia Newman, a female under the age of 14 years.   The judgment and sentence of the court, rendered November 4, 1916, was that he be imprisoned in the penitentiary at McAlester for the term of one year and one day. From the judgment an appeal was attempted to be taken by filing in this court a petition in error with a certified transcript of the record.

It appears from the record that no notices of appeal were served as provided by law, and no summons in error

was ever issued, and no praecipe therefor was ever filed by counsel for plaintiff in error, and no waiver of summons in error by the Attorney General was ever filed, and for this reason the Attorney General has filed a motion to dismiss the appeal. By numerous decisions of this court it is held that on a failure to file proof of service of the notices of appeal required by the statute to be served upon the county attorney and the clerk of the court in which the judgment was rendered, or the failure to have a summons in error served upon the Attorney General, or to file a waiver of the same within the time prescribed by the statute for taking an appeal, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed. It follows that the motion to dismiss the appeal should be sustained.

The purported appeal herein is therefore dismissed, and the cause remanded to the district court of Carter county, with direction to enforce its judgment and sentence.

ARMSTRONG and MATSON, JJ., concur.